```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

VIRGIL HALL,                     §
                                 §
        Petitioner,               §
                                 §
VS.                              §   Civil Action No. 4:16-CV-256-Y
                                 §
RODNEY W. CHANDLER, Warden,      §
FCI-Fort Worth,                  §
                                 §
        Respondent.              §
```

## OPINION AND ORDER

Before the Court is petitioner Virgil Hall's "Common Law Writ of Habeas Corpus Pursuant to Rule 81(a)(4)," construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

### I.  Factual and Procedural Background

Petitioner is serving a 120-month term of imprisonment on his 2011 conviction in the Central District of Utah for possession with intent to distribute cocaine. (J., United States v. Virgil Hall, Case No. 2:10-cr-1109-TS-1, ECF No. 150.) In 2015, while incarcerated at FCI--Loretto in Pennsylvania, Petitioner was charged with various disciplinary violations, apparently resulting in the loss of commissary and phone privileges. (Pet. 3-4, ECF No. 1.) By way of this petition, Petitioner asserts the following claim and requests the following relief (all misspellings and grammatical

errors are in the original):

> Petitioner hereby challenge the legalness of his confinement/imprisonment and the authority that give the F.B.O.P. the right to punish the Petitioner. Petitioner ask this Honorable Court to instruct the defendant to show proper paper work that give him authority (28 U.S.C. 2249) or give justice where justice is due by immediate release of the Petitioner.

(*Id.* at 5.)

Petitioner challenges the Bureau of Prisons (BOP) authority to discipline and punish him on the basis that he was not "duly convicted" in light of "inaccurate, incomplete and untimely [court] records" that "carry no legal force" and render his judgment of conviction void. (Pet'r's Rely 2.) Specifically, he complains that (all misspellings and grammatical errors are in the original):

> [t]he indictment has an unidentified person signing for the Assistance U.S. Attorney and no signature for a foreperson showing 12 jurors or more concured to bond Petitioner over for trial. . . . Without an indictment one cannot render a judgment, and any court can dismiss or over turn a void judgment.

(*Id.* at 2.) Petitioner also complains that the indictment and judgment of conviction "are without a clerk signature and court seal." (*Id.* at 2.) In essence, Petitioner challenges the validity of his conviction couched as a challenge to the BOP's authority to detain and punish him.[1]

---

[1] The Court notes that the BOP has statutory authority to detain individuals charged with or convicted of offenses against the United States, including the authority to discipline individuals charged with or convicted of offenses against the United States. *See* 18 U.S.C. § 4042(a)(3).

2

3

II. Discussion

A § 2241 petition attacking a federal conviction may only be considered if the petitioner establishes that the remedy under § 2255(e) is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e) (the so-called "savings clause"); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). To meet this burden, a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) the retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner fails to meet any of these requirements. Furthermore, Petitioner's claim has already been adjudicated against him in the convicting court. Petitioner raised the same or similar claim regarding the legitimacy of his indictment in his § 2255 motion in the context of an ineffective-assistance-of-counsel claim. (Mem. 8-10, Hall v. United States, Case No. 2:14-CV-364-TS, ECF No. 1-1.) The court addressed the issue as follows:

> Petitioner asserts that the Indictment is not lawful because it is merely a draft and not a final Indictment, and because it does not contain the requisite signatures by the U.S. Attorney or the foreman of the grand jury.
>
> Having reviewed the Indictment filed on the public

4

> docket in this matter, the Court finds that the Indictment is a final, executed copy, not a draft. Second, Assistant U.S. Attorney Drew Yeates signed the Indictment on behalf of Assistant U.S. Attorney Paul Kohler. Third, the foreperson's signature is represented by the notation "/s/" on the public docket copy of the Indictment. The U.S. Supreme Court has explained, "[T]he foreman's duty to sign the Indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the Indictment." Moreover, the Tenth Circuit has found that such a notation representing the foreman of the grand jury is proper on the public copy of the Indictment.

(*Id.* at 12 (footnotes omitted).)

Following denial of his § 2255 motion, Petitioner raised the same or similar claim again in a Rule 60(b) motion, which the convicting court dismissed as an unauthorized second or successive § 2255 motion. (Mot. & Order, United States v. Hall, Case No. 2:10-cr-1109-TS-1, ECF Nos. 175 & 176.) Finally, to no avail, Petitioner sought mandamus relief to compel the clerk of the district court to answer his "Proving an Official Record," certifying that his copy of the indictment was a true and correct copy of his original indictment and that it bears "the same style filing stamp, the exact same U.S. Attorney signature . . ., that there is a black box covering up the signature of the foreperson signature and that this is a legal document and have legal force without the official court seal and clerk signature certifying true and correct copy." (Order, United States v. Hall, Case No. 2:10-cr-1109-TS-1, ECF No. 188.) Petitioner cannot rely on § 2241 simply because his prior efforts were unsuccessful or because he cannot meet the

5

requirements for a second or successive motion under § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000).

Because Petitioner has not met the criteria required to invoke the savings clause of § 2255 as to the claim presented in this habeas-corpus proceeding, the Court is without jurisdiction to consider the petition. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Petitioner has neither alleged nor demonstrated that she is entitled to proceed under 28 U.S.C. § 2241. Therefore, a certificate of appealability should not issue.

    SIGNED April 6, 2017.

 

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE